IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Richard Lindsey, | ) | C/A No. 9:10-1079-CMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on April 28, 2011, affirming the decision of the Commissioner. For the reasons set forth below, the court adopts the Report with the modifications herein and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The Report recommends affirming the decision of the Commissioner. Plaintiff has filed objections arguing that the ALJ erred in (1) evaluating the opinion of Plaintiff's treating physician; (2) failing to present a complete hypothetical to the vocational expert ("VE"); (3) failing to ask the "VE" whether his testimony was consistent with the Dictionary of Occupational Titles ("DOT"); (4) evaluating Plaintiff's impairments of arthritis, diabetes and neuropathy; and (5) evaluating the credibility of Plaintiff's subjective complaints. *See* Dkt. No. 17. For the reasons set forth below and in the Report, the court concludes that the ALJ's decision applied the appropriate legal standards

and is supported by substantial evidence.

**Treating Physician.**  Plaintiff argues that the ALJ improperly assigned minimal weight to the opinion of Plaintiff's treating physician, Dr. Robert Harris ("Harris").  Dkt. No. 17 at 1-7.  Although Harris opined that Plaintiff is disabled, the ALJ did not assign controlling weight to that opinion finding it was not consistent with Harris' own treatment notes or with the objective medical evidence of record. Tr. 19.  The Report found the ALJ applied the appropriate legal standard and her decision to give minimal weight to Harris' opinion was supported by substantial evidence (Dkt. No. 15 at 13, and this court agrees.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record.  *See* 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir.2001).  Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."  *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir.1996).  Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence."  *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

In this case, the ALJ found that Harris' opinion contradicted his own treatment notes and other medical evidence in the record.  Even though Plaintiff, in his objections, cites to portions of the record that support Harris' opinions and gives explanations for why certain findings are missing from Harris' reports, the court notes that this information was before the ALJ in making her decision.  It is not for the court to re-weigh the evidence presented to the ALJ.  Rather it is the

court's limited function to determine whether the ALJ's decision applied the appropriate legal standard and is supported by substantial evidence. In this case, the ALJ thoroughly reviewed the medical evidence, articulated specific reasons for discrediting Harris' opinion, and cited persuasive contradictory evidence. Therefore, having reviewed the record, the court finds that the ALJ's explanation of weight given to Harris' opinion reached the level of specificity required by law and was supported by substantial evidence.

**Failure to Present a Complete Hypothetical to the VE.** Plaintiff argues that the ALJ erred at Step Five of the sequential evaluation process by presenting an incomplete hypothetical to the VE. Dkt. No. 17 at 9. At Step Five, the ALJ must determine whether, considering a claimant's age, education, work experience, and residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1569, 404.1569(a). In this case, the ALJ posed a hypothetical to a VE to assist in making this determination. Plaintiff argues that the ALJ erred by finding at Step Three that Plaintiff had a moderate mental limitation in concentration, persistence or pace yet failing to include this finding in her hypothetical to the VE. Dkt. No. 17 at 9.

As stated above, in making her determination at Step Five, the ALJ had to consider Plaintiff's RFC. The moderate mental limitations the ALJ found in her Step Three analysis were used to rate the severity of Plaintiff's mental impairment, which is a separate analysis from the ALJ's assessment of Plaintiff's RFC. As required by the sequential evaluation process, the ALJ incorporated her Step Three findings into her RFC determination. Tr. 14-15 (limiting Plaintiff's RFC to "unskilled, simple, repetitive tasks and instructions, and work that involves limited contact with the public"). The ALJ was required to use her RFC assessment not her Step Three finding in

determining whether jobs exist in significant numbers in the national economy that Plaintiff could perform. Therefore, the ALJ did not err in failing to include her Step Three findings in posing a hypothetical to the VE.

**Consistency of VE's Testimony With the DOT.** Plaintiff argues that the ALJ erred by failing to ask the VE whether or not his testimony was consistent with the DOT. Dkt. No. 17 at 11. Social Security Ruling 00-4p requires, in pertinent part, that:

> Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.[1] Neither the DOT nor the VE . . . evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information.

SSR 00-4p, 2000 WL 1898704 (2000). Accordingly, the ALJ must elicit a reasonable explanation for any "apparent unresolved conflict" between the VE evidence and the DOT before relying on the VE to support a determination about whether the claimant can perform such work. *See id.*

At the hearing, the ALJ provided a detailed hypothetical to the VE which included a limitation to "unskilled work, simple repetitive tasks and instructions." Tr. 63. The VE testified that

---

[1] In her decision the ALJ stated that "[p]ursuant to [Social Security Ruling] 00-4p, the [VE]'s testimony is consistent with the information contained in the [DOT]." Tr. 22. However, having reviewed the hearing transcript, the court notes that the ALJ did not reach this conclusion by inquiring on the record whether there was an inconsistency as required by the regulation. For the reasons set forth below, the court finds that there was no apparent conflict between the VE's testimony and the information in the DOT, and, therefore, this failure to inquire about consistency was harmless error. *See Renfrow v. Astrue,* 496 F.3d 918, 921 (8th Cir. 2007) (finding that an ALJ's failure to inquire about any conflict between VE's testimony and DOT was harmless error because there was no conflict).

an individual with Plaintiff's limitations would be capable of performing other jobs in the national economy giving examples of three jobs all of which the DOT defines as light, unskilled, and requiring a general educational development ("GED") reasoning level of 2. Tr. 63-64. Plaintiff argues that the ALJ's RFC finding that Plaintiff is limited to jobs involving simple, repetitive tasks and instructions correlates with a GED reasoning level of 1[2], so there was a conflict between the DOT and the VE testimony that was erroneously left unresolved.

Social Security Ruling 00-4p requires that the occupational evidence provided by the VE be generally consistent with the occupational information supplied by the DOT. *See* SSR 00-4p, 2000 WL 1898704 (2000). In this case, the ALJ found that Plaintiff retained the RFC to perform "simple, repetitive tasks and instructions." The DOT defines GED reasoning level 2 as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving few concrete variables in or from standardized situations." DOT, App. C § III, 1991 WL 688702 (1991). This definition is generally consistent with Plaintiff's RFC limitation. Even though his RFC limits Plaintiff to "simple" instructions, this is generally consistent with the ability to carry out instructions that are "detailed but uninvolved." *See Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005) ("While reasoning level two notes the worker must be able to follow 'detailed' instructions, it also . . . downplayed the rigorousness of those instructions by labeling them as being 'uninvolved.'"). Additionally, GED reasoning level 1, the lowest rung on the development scale, applies to the most elementary occupations where only the slightest bit

---

[2] The DOT defines GED reasoning level 1 as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, App. C § III, 1991 WL 688702 (1991).

of rote reasoning is required. *See infra* n.2; *Meissl*, 403 F. Supp. 2d at 983. There is nothing in the ALJ's decision to suggest that Plaintiff is capable of performing only the most elementary occupations.

Plaintiff argues that there is a split in case law as to whether claimants with RFC limitations of "simple, repetitive tasks" are capable of performing GED reasoning level 2 work. *See* Dkt. No. 11-13. However, having reviewed the record and relevant case law, the court agrees with the Report that in this case the VE's testimony and the information in the DOT were generally consistent because even with Plaintiff's RFC limitations, he could perform an unskilled job with a GED reasoning level of 2. *See* Dkt. No. 15 at 20-22; *see*, *e.g.*, *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (holding that "level-two reasoning appears more consistent with plaintiff's RFC" to "simple and routine tasks"); *Money v. Barnhart*, 91 F.App'x. 210, 214 (3d Cir. 2004) ("Working at reasoning level 2 would not contradict the mandate that [the] work be simple, routine and repetitive"); *Meissl*, 403 F. Supp. 2d at 984 (finding someone able to perform simple, repetitive instructions indicates a level of reasoning 2). Therefore, the VE's testimony was generally consistent with the DOT, and the ALJ's failure to ask the VE whether or not his testimony was consistent with the DOT was harmless error, which does not necessitate remand. *See infra* n. 1.

**Remaining objections.** Plaintiff also argues that the ALJ erred in evaluating Plaintiff's impairments of arthritis, diabetes and neuropathy and evaluating the credibility of Plaintiff's subjective complaints. *See* Dkt. No. 17. Having reviewed the record in light of these objections and under the appropriate standard, the court adopts the Report. Each of these objections is adequately and properly addressed in the Report which concludes that the ALJ's decision applied the proper legal standard and is supported by substantial evidence. *See* Dkt. No. 15 at 16-19. As to the

remaining objections, the court concurs with both the reasoning and the result reached by the Magistrate Judge.

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge with the modifications herein and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

 s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 7, 2011